THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiffs Anton Maricic and Audrone Jurgeleviciene

| | |
|---|---|
| **ANTON MARICIC and**<br>**AUDRONE JURGELEVICIENE**, | UNITED STATES DISTRICT COURT<br>DISTRICT COURT OF NEW JERSEY<br>TRENTON |
| Plaintiffs, | |
| vs. | Civil Action No.: |
| **BOROUGH OF SEASIDE HEIGHTS**;<br>**THOMAS BOYD,** Chief of Police;<br>**SERGEANT JON LOMBARDI**,<br>**JOHN DOES 6-10,** Personnel of the<br>Seaside Heights Police Department in<br>supervisory capacities; **DETECTIVE**<br>**JOSEPH MINIALGA** and **JOHN DOES**<br>**1-5,** members of the  Police Department, | **Civil Action**<br><br>**COMPLAINT** |
| Defendants. | |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).

## PARTIES

2. Plaintiffs Anton Maricic and Audrone Jurgeleviciene, residing at 582 West Grand Avenue, Apartment 2F, Rahway, New Jersey 07055, County of Union, are and were, at all times herein relevant, residents of the State of New Jersey.

3. Defendants Joseph Minialga, Jon Lombardi, and/or John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Seaside Heights Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of the Borough of Seaside Heights and were acting under the color of law.

4. Defendants Chief of Police Thomas Boyd, Sergeant Jon Lombardi and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Seaside Heights Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of the Borough of Seaside Heights and were acting under the color of law.

5. Defendants Chief of Police Boyd, Lombardi and/or John Does 6-10 were acting in supervisory capacities over Defendants Minialga, Lombardi and/or John Does 1-5 and responsible by law for the training, supervision and conduct of Defendants Minialga, Lombardi and/or John Does 1-5.

6. Defendant Borough of Seaside Heights is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendant Borough of Seaside Heights employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Boyd, Minialga, Lombardi and/or John Does 1-10.

## FACTUAL ALLEGATIONS

8. On September 2, 2007, Plaintiffs Anton Maricic and Audrone Jurgeleviciene brought Jurgeleviciene's four year old grandson to Seaside Heights Boardwalk to take him on the amusement rides. Jurgeleviciene's daughter, Renata and Renata's friend, Luba, also accompanied them.

9. After taking the child on amusement rides and walking the boardwalk, Plaintiffs decided to go home.

10. Plaintiff Anton Maricic had purchased the child a battery operated illuminated toy sword, which the child had tired of carrying.

11. Plaintiff Anton Maricic carried the sword for the child and began gesturing with it in a joking fashion to various parts of the boardwalk.

12. For example, he pointed to the ground and asked aloud if anyone had dropped money when no money was in fact on the ground. He also pointed to a pair of abandoned shoes and asked if anyone wanted a pair of shoes.

13. Someone on the boardwalk uttered a vulgarity to him.

14. Plaintiff Anton Maricic returned the vulgarity to the individual and the group continued to where their car was parked.

15. Plaintiff Anton Maricic was pushed by Defendants Lombardi, Minialga and/or John Does 1-5 and ordered to keep moving.

16. Defendants Lombardi, Minialga and/or John Does 1-5 continued to push Plaintiff Anton Maricic and he stopped walking.

17. Plaintiff Anton Maricic refused to continue walking and said that it was a free country and that he had not done anything wrong.

18. Defendants Lombardi, Minialga and/or John Does 1-5 grabbed Plaintiff Anton Maricic and tried to put his arms behind his back.

19. Plaintiff Anton Maricic told Defendants Minialga, Lombardi and/or John Does 1-5 that he was physically unable to put his arms behind his back because he had been diagnosed by a doctor with a dislocated shoulder and rotator cuff injury, but Defendants ignored him.

20. Defendants Lombardi, Minialga and/or John Does 1-5 then assaulted Plaintiff, restrained him by putting him in a chokehold around his neck and arrested him by yanking his arms behind his back and handcuffing him, causing him to experience excruciating pain.

21. Plaintiff Audrone Jurgeleviciene and her daughter asked Defendants why they were arresting Plaintiff Anton Maricic and where they were taking him.

22. Defendants Lombardi, Minialga and/or John Does 1-5 told Plaintiff Audrone Jurgeleviciene not to "step over the line."

23. Plaintiff Audrone Jurgeleviciene, being a native of Lithuania with English as her second language, did not understand the meaning of the idiom and saw no line on the boardwalk.

24. Plaintiff Audrone Jurgeleviciene stepped forward and tried to tell Defendants Lombardi, Minialga and/or John Does 1-5 to be careful with Plaintiff Anton Maricic because of his prior shoulder and rotator cuff injuries, whereupon she was also assaulted and falsely arrested by Defendants Lombardi, Minialga and/or John Does 1-5.

25. Defendants Minialga, Lombardi and/or John Does 1-5 taunted Plaintiff Anton Maricic while being processed at Seaside Heights Police station.

26. Specifically, Defendant Minialga, Lombard and/or John Does 1-5 pointed to his tattooed arm and said "This is the Lithuanian arm that choked you."

27. Plaintiff Anton Maricic was charged with violations of NJS 2C:33-2A(1), Disorderly Conduct, and NJS 2C:29-2A(1), Resisting Arrest.

28. Plaintiff Audrone Jurgeleviciene was charged with violation of NJS 2C:29-1, Obstruction of Justice.

29. The charges brought against both Plaintiffs Anton Maricic and Audrone Jurgeleviciene are pending in Defendant Seaside Heights Municipal Court.

## EXCESSIVE FORCE
## COUNT ONE

30. The previous paragraphs are incorporated herein inclusively as if fully set forth.

31. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiffs by Defendants Minialga, Lombardi and/or John Does 1-5 committed under color of state law, Plaintiffs sustained bodily harm and were deprived of their rights to be secure in their persons against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

32. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiffs suffered bodily injuries, damages in the form of lost wages and medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

33. By reason of the above, Plaintiffs were injured, suffered great mental anguish, and were deprived of their constitutional rights as described above.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendants Minialga, Lombardi and/or John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## FALSE ARREST / IMPRISONMENT
## COUNT TWO

34. The previous paragraphs are incorporated herein inclusively as if fully set forth.

35. The aforementioned acts of Defendants Minialga, Lombardi and/or John Does 1-5 in arresting and/or imprisoning Plaintiffs were without probable cause under the Fourth and Fourteenth Amendments of the Constitution of the United States.

36. The aforementioned acts were in violation of Plaintiffs' right to be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United States, and the right to be free of the deprivation of liberty under the Fourteenth Amendment of the Constitution of the Unites States, protected by 42 U.S.C. Section 1983.

37. By reason of the above, Plaintiffs were greatly injured, suffered great mental anguish preventing them from attending to his business and were deprived of their constitutional rights as described above.

38. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiffs suffered bodily injuries, damages in the form of lost wages and medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendants Minialga, Lombardi and/or John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## MALICIOUS ABUSE OF PROCESS
## COUNT THREE

39. The previous paragraphs are incorporated herein inclusively as if fully set forth.

40. Defendants Minialga, Lombardi and/or John Does 1-5 maliciously used a "legal process" to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

41. Defendants Minialga, Lombardi and/or John Does 1-5 made false statements of fact; intentionally, recklessly, and/or negligently misrepresented the facts of their encounter with

Plaintiffs and their subsequent arrests and detentions; falsified police and/or other official records, and mishandled and/or withheld evidence to initiate and/or instigate a criminal prosecution of Plaintiffs.

42. Defendants Minialga, Lombardi and/or John Does 1-5 knew that the complaints initiated were groundless and made misrepresentations to gain an advantage over Plaintiffs certain constitutional claims and/or to protect their interest in their employment and/or to protect themselves from criminal prosecution and civil liability.

43. As a direct and proximate result of the acts of Defendants Minialga, Lombardi and/or John Does 1-5 as set forth herein, Plaintiffs suffered physical injury, lost wages, medical expenses, and mental anguish in connection with the deprivation of their constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendants Minialga, Lombardi and/or John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## MALICIOUS PROSECUTION
## COUNT FOUR

44. The previous paragraphs are incorporated herein inclusively as if fully set forth.

45. Defendants Minialga, Lombardi and/or John Does 1-5 initiated criminal process against Plaintiffs with malice to create a subterfuge protecting themselves from criminal and civil liability and justifying the injuries they caused Plaintiffs to suffer.

46. The charges were not based upon probable cause, that is, Defendants Minialga, Lombardi and/or John Does 1-5 knew initiation of criminal proceedings against Plaintiffs would

serve an unlawful purpose, including, but not limited to, limiting their exposure to liability for their unlawful actions on 9/2/07 in assaulting, beating and falsely arresting Plaintiffs.

47. As a direct and proximate cause of the actions initiated by Minialga, Lombardi and/or John Does 1-5, Plaintiffs suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.

48. Plaintiffs suffered physical injury, medical expenses, lost wages and mental anguish in connection with the deprivation of their constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendants Minialga, Lombardi and/or John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPERVISORY LIABILITY
## COUNT FIVE

49. The previous paragraphs are incorporated herein inclusively as if fully set forth.

50. Defendants Lombardi, John Doe 2 and/or John Does 6-10 were supervisory officials and/or officers in charge at the time Plaintiffs were arrested and assaulted.

51. Defendants Minialga, Lombardi, John Doe 2 and/or John Does 6-10 had a duty to prevent subordinate officers Minialga, Lombardi and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

52. Defendants Lombardi, John Doe 2 and/or John Does 6-10 either directed Defendants Minialga, Lombardi and/or John Does 1-5 to violate Plaintiffs' constitutional rights or had knowledge of and acquiesced in his/their subordinates violations.

53. As a direct and proximate result of the acts of Defendants Lombardi, John Doe 2 and/or John Does 6-10 as set forth herein, Plaintiffs suffered physical injury, medical expenses, lost wages and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendants Lombardi , John Does 2 and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## UNLAWFUL CUSTOM, PRACTICE, POLICY/ INADEQUATE TRAINING
## COUNT SIX

54. The previous paragraphs are incorporated herein inclusively as if fully set forth.

55. Defendants Borough of Seaside Heights Police Department; Boyd; Lombardi; and/or John Does 6-10, are vested by state law with the authority to make policy on the use of force, effectuating arrests and police citizen encounters. Specifically, Defendant Boyd is the Chief of Police. Defendant Lombardi was the supervising officer when Plaintiffs were assaulted and falsely arrested.

56. At all times mentioned herein, Defendants Minialga, Lombardi and/or John Does 1-10, as police officers, agents, servants and/or employees of Defendant Borough of Seaside Heights, were acting under the direction and control of Defendants Borough of Seaside Heights Police Department; Boyd; Lombardi and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Borough of Seaside Heights Police Department.

57. Acting under color of law pursuant to official policy, practice, or custom, Defendants Borough of Seaside Heights; Boyd; Lombardi, and/or John Does 6-10 intentionally, knowingly,

recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline, on a continuing basis, Defendants Boyd, Minialga, Lombardi, and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

58. Defendants Borough of Seaside Heights, Boyd, Lombardi and/or John Does 6-10 were aware of numerous similar police citizen encounters involving Defendants Boyd; Minialga; Lombardi; John Does 1-10 and/or other Seaside Heights Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizen/arrestees.

59. Despite their awareness, Defendants Borough of Seaside Heights, Boyd, Lombardi and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Boyd; Minialga; Lombardi; John Does 1-10, and/or other Seaside Heights Police Officers.

60. Defendants Borough of Seaside Heights; Boyd; Lombardi, and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Boyd; Minialga; Lombardi, and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore

alleged, were about to be committed.

61. Defendants Borough of Seaside Heights; Boyd; Lombardi, and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

62. Defendants Borough of Seaside Heights; Boyd; Lombardi, and/or John Does 6-10, directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Boyd; Lombardi; Minialga, and/or John Does 1-10 heretofore described.

63. As a direct and proximate result of the acts of Defendants Borough of Seaside Heights; Boyd; Lombardi, and/or John Does 6-10 as set forth herein, Plaintiffs suffered physical injury, lost wages, medical expenses, and mental anguish in connection with the deprivation of their constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendants Borough of Seaside Heights; Boyd; Lombardi, and/or John Does 6-10, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### PENDANT STATE CLAIMS
### ASSAULT AND BATTERY
### COUNT SEVEN

64. The previous paragraphs are incorporated herein inclusively as if fully set forth.

65. Defendants Minialga, Lombardi and/or John Does 1-5 committed an assault and battery on Plaintiffs by beating them and by putting them in reasonable apprehension of serious bodily harm.

66. The assaults committed by Defendants were contrary to the laws of New Jersey.

67. Defendants' actions deprived Plaintiffs of their rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of New Jersey.

68. As a result of the Defendants' actions set forth above, Plaintiffs sustained diverse personal injuries, permanent injuries, permanent disability, medical expenses, lost income and pain and suffering and will incur same for some time to come.

69. Plaintiffs invoke the pendant jurisdiction of this Court to hear and determine this claim.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendants Minialga, Lombardi and/or John Does 1-5 on this Count, together with compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the Court deems proper and just.

## FALSE ARREST/ IMPRISONMENT
## COUNT EIGHT

70. The previous paragraphs are incorporated herein inclusively as if fully set forth.

71. At all times material and relevant herein, Defendants Minialga, Lombardi and/or John Does 1- 5 were acting within the scope of their authority as police officers of the Defendant Borough of Seaside Heights.

72. Defendants Minialga, Lombardi and / or John Does 1-5 arrested and/or imprisoned Plaintiffs without probable cause under the Fourth and Fourteenth Amendments of the Constitution of the United States.

73. Said arrests and imprisonments of Plaintiffs were contrary to the laws of the State of New Jersey and without probable cause.

74. Defendants' actions deprived Plaintiffs of their rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State

of New Jersey.

75. Plaintiffs invoke the pendant jurisdiction of this Court to hear and determine this claim.

76. As a result of the intentional actions set forth above, Plaintiffs sustained diverse personal injuries, permanent injuries, permanent disability, medical expenses, lost income and pain and suffering and will incur same for some time to come.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendants Minialga, Lombardi and / or John Does 1-5, on this Count, together with compensatory and punitive damages, interest and costs of suit incurred.

## MALICIOUS ABUSE OF PROCESS
## COUNT NINE

77. The previous paragraphs are incorporated herein inclusively as if fully set forth.

78. Defendants Minialga, Lombardi and / or John Does 1-5 willfully and maliciously used a "legal process" to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

79. Defendants Minialga, Lombardi and / or John Does 1-5 knowingly made false statements of fact to initiate and / or instigate a criminal prosecutions of Plaintiffs.

80. Defendants Minialga, Lombardi and / or John Does 1-5 knew that the complaints initiated were groundless and made misrepresentations to gain an advantage over Plaintiffs' certain constitutional claims and / or to protect their interest in their employment and / or to avoid criminal prosecution and civil liability.

81. Defendants' actions were contrary to the laws and Constitution of the State of New Jersey.

82. Plaintiffs invoke the pendant jurisdiction of this Court to hear and determine this claim.

83. As a result of the wanton, intentional acts set forth above, Plaintiffs sustained diverse personal injuries, permanent injuries, permanent disability, medical expenses, lost income and

pain and suffering and will incur same for some time to come.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendants Minialga, Lombardi and / or John Does 1-5, on this Count together with compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

**<u>MALICIOUS PROSECUTION</u>**
**<u>COUNT TEN</u>**

84. The above paragraphs are incorporated herein inclusively as if fully set forth.

85. Defendants Minialga, Lombardi and / or John Does 1-5 willfully and deliberately initiated criminal process against plaintiffs with malice.

86. The charges were not based upon probable cause, that is, Defendants Minialga, Lombardi and / or John Does 1-5 knew initiation of criminal proceedings against plaintiffs would serve an unlawful purpose, including, but not limited to, limiting their exposure to liability for their unlawful actions on 9/2/07.

87. As a direct and proximate cause of the action initiated by Defendants Minialga, Lombardi and / or John Does 1-5, Plaintiffs suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.

88. Defendants' actions were contrary to the laws and Constitution of the State of New Jersey.

89. Plaintiffs invoke the pendant jurisdiction of this Court to hear and determine this claim.

90. As a result of Defendants' actions set forth above, Plaintiffs sustained diverse personal injuries, permanent injuries, permanent disability, medical expenses, lost income and pain and suffering and will incur same for some time to come.

91. Plaintiffs suffered physical injury, medical expenses, and mental anguish in connection with the deprivation of their constitutional rights guaranteed by the Fourth and Fourteenth

Amendments to the Constitution of the United States and the Constitution of the State of New Jersey.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendants Minialga, Lombardi and / or John Does 1-5, on this Count together with compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### NEGLIGENT / INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COUNT ELEVEN

92. The previous paragraphs are incorporated herein inclusively as if fully set forth.

93. The actions of Defendants Minialga, Lombardi and / or John Does 1-5 in their use of excessive force upon Plaintiffs, their assaults and batteries of Plaintiffs, their false arrests and imprisonment of Plaintiffs, their malicious prosecutions of Plaintiffs and their abuse of process was intentional and contrary to the laws of the State of New Jersey.

94. As a result of said intentional, reckless and/or negligent acts, Plaintiffs sustained severe emotional distress.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendants Minialga, Lombardi and / or John Does 1-5, on this Count, together with compensatory and punitive damages, interest and costs of suit incurred and for such further relief as the Court deems proper and just.

### AGENCY
### COUNT TWELVE

95. The previous paragraphs are incorporated herein inclusively as if fully set forth.

96. Defendant Borough of Seaside Heights is a municipality, duly incorporated under the laws of the State of New Jersey.

97.  Defendants Boyd, Minialga, Lombardi and/or John Does 1-10 were at all times mentioned herein duly appointed and acting members of the Borough of Seaside Heights Police Department and at all times herein were acting in such capacities as the agents, servants, and / or employees of the Borough of Seaside Heights.

98.  Plaintiffs invoke the pendant jurisdiction of this Court to hear and determine this claim.

99.  The actions of Defendants were negligent and contrary to the laws of the State of New Jersey.

100.  Defendant Borough of Seaside Heights is liable for the intentional acts of its agents, servants and/or employees Defendants Boyd; Minialga; Lombardi, and/or John Does 1-11 by virtue of the doctrine of respondent superior.

101.  As a result of the intentional conduct set forth above, Plaintiffs sustained diverse personal injuries, permanent injuries, permanent disability, medical expenses, lost income and pain and suffering and will incur same for some time to come.

**WHEREFORE,** Plaintiffs Anton Maricic and Audrone Jurgeleviciene demand judgment against Defendant Borough of Seaside Heights on this Count together with compensatory and punitive damages, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

<u>**DEMAND FOR PROSPECTIVE INJUNCTIVE RELIEF**</u>
<u>**COUNT THIRTEEN**</u>

102.  Pursuant to 42 USC Section 1983, Plaintiffs are entitled to prospective relief against the Defendants.

103.  The relief sought by Plaintiff include, but is not limited to, the following:

   a. An order permanently restraining and enjoining Defendants Seaside Heights; Boyd; Minialga; Lombardi, and John Does 1-10 from engaging, encouraging,

    teaching, promoting or training Seaside Heights Police Officers in falsely arresting, maliciously prosecuting, maliciously abusing process, and/or using excessive force against citizens and/or arrestees.

b. An order compelling Defendant Seaside Heights to take prompt, appropriate and corrective measures to prevent any practices that encourage, teach, engage in, promote or train its officers in falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/ or arrestees.

c. An order compelling Defendant Seaside Heights to provide regular and consistent training sessions to Seaside Heights Police Officers.

d. An order compelling Defendant Seaside Heights to implement a system whereby prompt, appropriate action is taken against any Seaside Heights Police Officer who engages in, teaches and/or condones falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/or arrestees.

e. An order permanently restraining and enjoining Defendants Minialga, Lombardi and/or John Does 1-5 from arresting citizens without adequate probable cause, physically abusing and using excessive force against citizens and/or arrestees.

f. An order permanently restraining and enjoining Defendant Seaside Heights from employing Defendants Minialga, Lombardi and John Does 1-10 as police officers or law enforcement personnel in any capacity except for clerical duty, solely and entirely confining them to the Seaside Heights Police Station and limiting them entirely to desk duty; enjoining Defendants Minialga, Lombardi and John Does 1-10 from any patrol duty, and enjoining Defendants Minialga, Lombardi and John Does 1-10 from making arrests, assisting in making arrests and using any force in making arrests and/or assisting in making arrests.

g. Any other relief as the Court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

    Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: June 23, 2008             /s/ Thomas J. Mallon, Esquire

**THOMAS J. MALLON, ESQUIRE**